UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-171

JAMAL DERRICK HUDSON                        SECTION: R

**ORDER AND REASONS**

Before the Court is defendant Jamal Derrick Hudson's motion
to dismiss on statute of limitations and pre-indictment delay
grounds.[1]  Because Hudson has waived his statute of limitations
defense and has not demonstrated that the government's pre-
indictment delay violated due process, defendant's motion is
DENIED.

**I.   Background**

On June 24, 2008, the government filed a criminal complaint
against Hudson based on alleged access device fraud in violation
of 18 U.S.C. § 1029.[2]  In particular, the complaint alleges that
Hudson was involved in a scheme to use stolen credit card account
numbers to order wireless telephones from Alltel and then sell
those telephones to other individuals.  Hudson consented to the

---

[1]    R. Doc. 45.

[2]    R. Doc. 1.

government's proceeding by information rather than indictment.[3] The government filed a bill of information on June 16, 2009, accusing Hudson of conspiring to commit access device fraud between September of 2003 and February of 2004.[4]  Hudson now moves to dismiss on the grounds that the statute of limitations has expired and that he suffered prejudice due to the delay between his alleged criminal conduct and the issuance of the bill of information.

## II.  Statute of Limitations

The government and the defendant agree that the offense of access device fraud under 18 U.S.C. § 1029 is subject to a five-year statute of limitations under 18 U.S.C. § 3282.  The bill of information in this case was issued on June 16, 2009, but the government does not allege that the defendant's criminal activity continued beyond February of 2004.  Thus, the government did not issue the bill of information within five years of the commission of the offense.

Hudson cannot raise a statute of limitations defense, however, because he has expressly waived it.  A statute of limitations defense is not jurisdictional and may be waived by a defendant.  *See United States v. Arky*, 938 F.2d 579, 581-82 (5th

---

[3]     R. Doc. 15.

[4]     R. Doc. 9.

Cir. 1991) (defendant waived limitations defense under 18 U.S.C.
§ 3282 by not raising it at trial); *see also United States v.
Hitachi America, Ltd.*, 172 F.3d 1319, 1334 (Fed. Cir. 1999)
(statute of limitations is not jurisdictional and could be
expressly waived with respect to both expired and unexpired
claims).  On May 8, 2009, Hudson executed a document entitled
"Waiver of the Statute of Limitations Defense."[5]  The waiver
states:

> I, JAMAL D. HUDSON, having been fully informed of the nature
> of the limitations period set forth in Title 18, United
> States Code, Section 3282, do hereby waive any right to
> assert the limitations period as a defense to possible
> charges arising from an investigation in the Eastern
> District of Louisiana concerning conduct involving
> conspiracy, access device fraud, and bank fraud for the
> years 2003 through 2004.

The waiver is signed and dated by Hudson and his then-attorney
Robert Jenkins.

Hudson does not deny that his waiver of the statute of
limitations defense was knowing and voluntary.  He argues that
"this limitations period cannot be waived unless not asserted at
trial or before trial,"[6] but that argument is completely
unsupported.  To the contrary, courts have found that express
waivers of the statute of limitations executed before trial are
valid.  *See Hitachi America, Ltd.*, 172 F.3d at 1334 (limitations

---

[5]     R. Doc. 48, Ex. 1.

[6]     R. Doc. 45 at 4.

3

period could be waived as to both expired and unexpired claims); *United States v. Del Percio*, 870 F.2d 1090, 1093-94 (6th Cir. 1989) (express waiver of limitations defense was valid); *United States v. Caldwell*, 859 F.2d 805, 807 (9th Cir. 1988) (open-ended waiver of five-year statute of limitations period was valid when made knowingly and voluntarily).

Hudson also argues that the waiver was only an agreement between the defendant and his previous counsel, but the agreement was clearly between Hudson and the government. Hudson asserts that the waiver binds only his former attorney, but the waiver binds Hudson himself, who personally signed and dated it. A waiver would be of little use if a defendant could evade it simply by switching attorneys.

Lastly, Hudson argues that the waiver is not binding "because of the lack of cause in [its] making."[7] In this respect, Hudson contrasts the waiver he signed with a waiver signed as part of a guilty plea. Even if a showing of cause were required, the government identifies a reasonable motivation for Hudson's agreement to the waiver. According to the government, Hudson agreed to extend the limitations period for access device fraud under 18 U.S.C. § 1029 in order to avoid being charged with bank fraud under 18 U.S.C. § 1344, which is subject to a statute of limitations of ten years under 18 U.S.C. § 3293 and has a

---

[7]    R. Doc. 45 at 5.

4

greater maximum penalty than access device fraud.  Further, the
cases cited above demonstrate that a waiver of the statute of
limitations defense need not be made as part of a guilty plea.
For example, in *Del Percio*, the defendants signed waivers of the
limitations defense in the belief that further inquiry by the
government would lead to their not being prosecuted.  870 F.2d at
1091-92.  The court ruled that those waivers were valid and
enforceable when the defendants actually were prosecuted.  *Id.* at
1093-94.  Similarly, Hudson's waiver of the statute of
limitations defense is valid and enforceable.  Hudson therefore
cannot raise a statute of limitations defense in this matter.


**III. Pre-Indictment Delay**

     Hudson also argues that the government violated his due
process rights by not issuing the bill of information for over
four years after it obtained the information underlying its
allegations.  Although the primary protection against pre-
indictment delay is the statute of limitations, the Due Process
Clause plays a role as well.  *United States v. Crouch*, 84 F.3d
1497, 1510 (5th Cir. 1996) (en banc).  Under *Crouch*, pre-
indictment delay violates due process only if (1) the delay
causes the accused "substantial, actual prejudice," and (2) the
delay was "intentionally undertaken by the government for the
purpose of gaining some tactical advantage over the accused in

the contemplated prosecution or for some other impermissible, bad faith purpose." *Id.* at 1514.  The burden is on the defendant to satisfy both parts of this test. *United States v. Avants*, 367 F.3d 433, 441 (5th Cir. 2004).  "Vague assertions of lost witnesses, faded memories, or misplaced documents are insufficient to establish a due process violation from pre-indictment delay." *United States v. Beszborn*, 21 F.3d 62, 67 (5th Cir. 1994).  The defendant's burden of showing actual prejudice is particularly high before trial, when almost any prejudice is speculative. *Crouch*, 84 F.3d at 1516.

Hudson has not met either prong of the test outlined in *Crouch*.  First, he has not shown that the government intentionally delayed issuing the bill of information for a bad faith purpose.  Hudson speculates that the government made a tactical decision to delay the bill of information until his defense was impaired, but he has produced no evidence to support this assertion.  Thus, Hudson has failed to meet the first prong of the test. *See Woodfox v. Cain*, 609 F.3d 774, 804 (5th Cir. 2010) (pre-indictment delay was not unconstitutional when there was no indication in the record that it resulted from prosecutorial misconduct); *United States v. Carlock*, 806 F.2d 535, 549 (5th Cir. 1986) (no due process violation even if the government did not act on its knowledge of the underlying conduct for a substantial period of time).

6

Moreover, Hudson has not shown that the delay between his alleged conduct and the issuance of bill of information caused him actual, substantial prejudice.  Hudson notes that certain potential witnesses have died, but it is not enough to assert that their testimony would have been material.  Rather, the defendant must show that the witness' testimony would have been "exculpatory in nature, or that it would have actually aided the defense." *Beszborn*, 21 F.3d at 66.  Further, he must show that these witnesses would have offered testimony relating to matters that he cannot establish through other means.  *Crouch*, 84 F.3d at 1518.

Hudson has not made these showings.  Hudson contends that "one of his accusers," an individual named Derrick Jones, died on April 13, 2008, after the statute of limitations had expired.  But Hudson has not asserted that Jones' testimony would have been exculpatory in nature.  Hudson asserts that he has suffered prejudice because he can no longer cross-examine Jones, but the Confrontation Clause and the hearsay rules limit the use of Jones' testimony against Hudson.  Further, Hudson has not demonstrated that he cannot elicit the testimony he seeks by cross-examining his other "accusers."  Hudson also notes that potential character witnesses, including his father, have died in the last few years, but he has not shown that the testimony of these witnesses would have substantially aided his defense or

7

that he cannot elicit that testimony from other witnesses.

In addition, Hudson argues that he has requested, but has not received, information relating to Alltel's reporting of the alleged fraud to the government.  He also asserts that Alltel was an agent of the government and therefore should have obtained a warrant before accessing certain information.  But Hudson has not specifically indicated how the government's pre-indictment delay prevents him from litigating those issues.  Hudson also asserts broadly that other witnesses and evidence are no longer available, but the Court cannot give weight to these vague assertions.

Finally, Hudson argues that he has been prejudiced by the cumulative effects of the violation of the statute of limitations and the pre-indictment delay.  As discussed, however, Hudson has waived his statute of limitations defense, and he has failed to prove a due process violation for pre-indictment delay.  This case is quite different from the case defendant cites, *United States v. Benjamin*, 816 F.Supp. 373, 380 (D.V.I. 1993), in which the government's "negligent and lackadaisical" pre-indictment investigation was followed by the destruction of crucial evidence in a hurricane, which was then followed by substantial post-indictment delay.  This case lacks such a combination of circumstances, and the government's delay before issuing the bill of information does not constitute a due process violation.

**IV.   Conclusion**

For the foregoing reasons, Hudson's motion to dismiss is DENIED.


New Orleans, Louisiana, this __17th__ day of December, 2010.



_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE