```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-171

JAMAL DERRICK HUDSON                        SECTION: R
```

## ORDER AND REASONS

Before the Court is defendant Jamal Derrick Hudson's motion to dismiss on statute of limitations grounds.[1] Because he has waived his statute of limitations defense, Hudson's motion is DENIED.

### I. Background

On June 24, 2008, the government filed a criminal complaint against Hudson alleging access device fraud in violation of 18 U.S.C. § 1029.[2] The complaint alleges that Hudson was involved in a scheme to use stolen credit card account numbers to order wireless telephones from Alltel and then sell those telephones to other individuals. Hudson consented to the government's proceeding by information rather than indictment.[3] The government filed a bill of information on June 16, 2009, accusing

---

[1] R. Doc. 56.

[2] R. Doc. 1.

[3] R. Doc. 15.

Hudson of conspiring to commit access device fraud between September of 2003 and February of 2004.[4]  Hudson moved to dismiss on the grounds that the statute of limitations had expired and that he suffered prejudice due to the delay between his alleged criminal conduct and the issuance of the bill of information.[5] The Court denied that motion, holding that Hudson has waived his statute of limitations defense and that he failed to show that the government intentionally delayed issuing the bill of information for a bad faith purpose or that the delay caused him actual, substantial prejudice.[6]  Hudson now moves again to dismiss on statute of limitations grounds.

　　After Hudson filed his second motion to dismiss, the government filed a superseding indictment charging Hudson with conspiracy to traffic in unauthorized access devices and to defraud federally insured financial institutions between August of 2003 and January of 2005 in violation of 18 U.S.C. § 371, access device fraud in violation of 18 U.S.C.A. §§ 1029 and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[7]  At this time, the Court will consider Hudson's statute of limitations defense as it applies to the access device fraud count as charged

---

[4]　　R. Doc. 9.

[5]　　R. Doc. 45.

[6]　　R. Doc. 52.

[7]　　R. Doc. 66.

in the bill of information without considering any potential application of that defense to the additional charges in the superseding indictment.

## II. Discussion

Hudson's second motion to dismiss largely duplicates arguments made in his first motion to dismiss, and the Court will deny the second motion for the same reason: Hudson has waived his statute of limitations defense. A statute of limitations defense is not jurisdictional and may be waived by a defendant. *United States v. Arky*, 938 F.2d 579, 581-82 (5th Cir. 1991). On May 8, 2009, Hudson executed a document entitled "Waiver of the Statute of Limitations Defense."[8] The waiver states:

> I, JAMAL D. HUDSON, having been fully informed of the nature of the limitations period set forth in Title 18, United States Code, Section 3282, do hereby waive any right to assert the limitations period as a defense to possible charges arising from an investigation in the Eastern District of Louisiana concerning conduct involving conspiracy, access device fraud, and bank fraud for the years 2003 through 2004.

The waiver is signed and dated by Hudson and his then-attorney Robert Jenkins.

Hudson argues that he did not knowingly and intelligently waive his statute of limitations defense. To be valid, a waiver of a statute of limitations defense must be knowing, voluntary,

---

[8]   R. Doc. 56, Ex. A.

and intelligent.  *United States v. Wilson*, 26 F.3d 142, 155-56 (D.C. Cir. 1994); *United States v. Meeker*, 701 F.2d 685, 688 (7th Cir. 1983); *United States v. Levine*, 658 F.2d 113, 120-21 & 124 n.17 (3d Cir. 1981).  Such an act must be "done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (quoting *McMann v. Richardson*, 397 U.S. 759, 766 (1970)) (guilty plea context).  Courts have ruled that a waiver of the statute of limitations may not meet this requirement when it is induced by the government's misrepresentations.  *See United States v. Heidecke*, 900 F.2d 1155, 1161 (7th Cir. 1990) (finding that no such misrepresentation occurred); *United States v. Catapano*, No. CR-05-229, 2008 WL 2222013, at *24 (E.D.N.Y. May 22, 2008) (waiver was invalid when government failed to disclose that defendant had already been charged in indictment filed under seal).  A defendant must come forward with affirmative evidence that his waiver was unknowing.  *United States v. Koh*, 968 F.Supp. 136, 138 (S.D.N.Y. 1997).  In *Koh*, the court ruled that a waiver of the statute of limitations was invalid when the defendant submitted an affidavit that he did not understand the consequences of the waiver, counsel submitted an affidavit that he did not explain those consequences to the defendant, the defendant's native language was not English, the waiver was buried in a longer agreement, the waiver was written in terms

4

that a layperson might not understand, and nearly the entire limitations period had yet to run when the waiver was signed. *Id.* at 139.

No such circumstances are present in this case. Hudson does not argue that the government made any misrepresentation to him in obtaining the waiver. Further, Hudson has not submitted an affidavit in support of his assertion that he did not knowingly waive the statute of limitations defense. Hudson was represented by counsel, and both counsel and the defendant signed the waiver. *See United States v. Wild*, 551 F.2d 418, 423 (D.C. Cir. 1977) (waiver was valid when defense counsel negotiated for it); *United States v. Sindona*, 473 F.Supp. 764, 766 (S.D.N.Y. 1979) ("a deliberate and intentional waiver of the statute of limitations, when a defendant is advised by counsel, is valid and effective."). The waiver is clear and unambiguous, which is also an indication that it was made knowingly. *United States v. Place*, 746 F.Supp.2d 308 (D. Mass. 2010) (pincite not available) (citing *United States v. Heidecke*, 683 F.Supp. 1215, 1218 (N.D. Ill. 1988)). Hudson's argument that the waiver could be confused with a waiver of the right to a speedy trial is completely unsupported. Again, the document is entitled: "Waiver of the Statute of Limitations Defense." In addition, the waiver explicitly states that Hudson was "fully informed of the nature of the limitations period[.]"

Hudson argues that he had no reason to sign the waiver, but it is telling that he agreed to be charged initially by bill of information rather than by indictment.  The government points out that at the time Hudson agreed to be charged by a bill of information, he anticipated entering into a plea agreement.  In particular, and as the Court has previously noted, Hudson may have hoped that signing the waiver would cause the government not to charge him with bank fraud, which is subject to a greater maximum penalty than access device fraud.[9]  Indeed, the government did not charge Hudson with bank fraud initially, but instead charged him only with access device fraud.  In any event, even if avoiding being charged with bank fraud was not Hudson's motivation for signing the waiver, Hudson's attorney certainly intended that his client would receive some benefit from it.  *See Wild*, 551 F.2d at 423 (waiver was valid when the defendant's attorney "negotiated for the express written waiver, obviously intending that his client would derive some benefit from it").

Hudson and the government did not ultimately reach a plea agreement, and the government has now filed a superseding indictment charging Hudson with bank fraud.  Hudson does not argue that the government has broken any promise by making this charge, nor does he argue that the government made any

---

[9] *United States v. Hudson*, No. 09-171, 2010 WL 5375347 at *2 (E.D. La. Dec. 17, 2010) (R. Doc. 52 at 4-5).

misrepresentation to him.  To the contrary, Hudson specifically asserts that he did not reach an agreement with the government that he would not be charged with bank fraud.[10]  Hudson's apparent attempt to avoid a bank fraud charge without securing such a promise from the government did not succeed, but a waiver is not invalid because the strategy behind it does not bear fruit.  *See United States v. Del Percio*, 870 F.2d 1090, 1093-94 (6th Cir. 1989) (when defendants signed waivers of limitations defense in the belief that further inquiry would cause the government to drop the case, waiver was valid when the defendants were prosecuted); *United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990) (waiver was valid when defendant "lost his gamble that by giving his prosecutors more time, they might decide against proceeding with an indictment").  Hudson's arguments that any bank fraud charge would lack merit will be tested in light of the superseding indictment, but in any event, those arguments do not show that his waiver of the statute of limitations was unknowing.

Hudson also asserts that he does not recall executing the waiver, but he does not contest the validity of his signature.  Hudson's self-serving assertion, which is not even sworn to in an affidavit, does not render the waiver invalid.  *See Bowman v. 84 Lumber Co., L.P.*, No. 08-4779, 2009 WL 1323015, at *2 (E.D. La.

---

[10]   R. Doc. 56 at 7.

May 8, 2009) (short, explicit, easily-readable agreement was valid despite one party's argument that he did not remember signing it when that party did not contest the validity of his signature).

Finally, the Court has already rejected Hudson's argument that the waiver binds only his previous counsel.  Clearly, the waiver binds Hudson himself, who personally signed and dated it. Hudson has waived his statute of limitations defense, and his motion to dismiss on that basis must be denied.

## IV. Conclusion

For the foregoing reasons, Hudson's motion to dismiss is DENIED.

New Orleans, Louisiana, this __21st__ day of April, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE