UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 09-171

JAMAL DERRICK HUDSON                         SECTION: R

### ORDER AND REASONS

Before the Court is defendant Jamal Derrick Hudson's motion to dismiss the indictment.  Because the defendant has not shown that his statute of limitations waiver is invalid, the Court DENIES the motion.

## I.  Background

On June 24, 2008, the Government filed a criminal complaint against Hudson alleging access device fraud in violation of 18 U.S.C. § 1029.[1]  The complaint alleges that Hudson was involved in a scheme to use stolen credit card account numbers to order wireless telephones from Alltel and then sell those telephones to other individuals.  Hudson, represented by his attorney, Robert Jenkins, was in plea negotiations with the Government which contemplated a plea to a charge carrying a five-year sentence instead of multiple charges each carrying possible maximum sentences of thirty years.  On May 8, 2009, Hudson, also

---

[1]    R. Doc. 1.

represented by his attorney, Robert Jenkins, executed a waiver of

the defense of statute of limitations.  The waiver states:

> I, Jamal D. Hudson, having been fully informed of
> the nature of the limitations period set forth in Title
> 18, United States code, Section 3282, do hereby waive
> any right to assert the limitations period as a defense
> to possible charges arising from an investigation in
> the Eastern District of Louisiana concerning conduct
> involving conspiracy, access device fraud, and bank
> fraud for the years 2003 through 2004.[2]

The waiver is signed by Hudson and his attorney.  Hudson then

consented to the Government's proceeding by information rather

than indictment.[3]  On June 16, 2009, the Government filed a bill

of information, charging Hudson with one count of conspiring to

use unauthorized access devices to obtain things valued in excess

of $1,000 between September of 2003 and February of 2004 in

violation of Title 18, United States Code, Section 1029(a)(2).[4]

This count would have been prescribed but for the waiver of

statute of limitations and carries a maximum penalty of five

years.  Hudson decided not to plead guilty to this charge.

Hudson then moved to dismiss the indictment against him on

the basis of the invalidity of the waiver of limitations.  Hudson

argued that because the waiver was an agreement between the

defendant and his earlier counsel, it was not binding on his new

---

[2]     R. Doc. 150-1.

[3]     R. Doc. 15.

[4]     R. Doc. 9.

counsel.  Hudson also argued that he suffered prejudice due to the delay between his alleged criminal conduct and the issuance of the bill of information.[5]  The Court denied that motion, holding that Hudson entered the waiver, and therefore the substitution of new counsel did not invalidate it.  The Court also found that Hudson failed to show that the Government intentionally delayed issuing the bill of information for a bad faith purpose or that the delay caused him actual, substantial prejudice.[6]

On February 7, 2011, Hudson moved again to dismiss on statute of limitations grounds, this time arguing that the waiver was invalid because it was not made knowingly and intelligently.[7] In that motion, Hudson expressly denied that there was any agreement with the Government that it would not bring other charges against him.  The Court found that the waiver was valid and denied the motion.[8]

After Hudson filed his second motion to dismiss, the Government filed a superseding indictment on March 17, 2011, charging Hudson with conspiracy to traffic in unauthorized access devices and to defraud federally insured financial institutions

---

[5]    R. Doc. 45.

[6]    R. Doc. 52.

[7]    R. Doc. 56.

[8]    R. Doc. 90.

between August of 2003 and January of 2005 in violation of 18 U.S.C. § 371, access device fraud in violation of 18 U.S.C.A. §§ 1029 and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[9]  The Government filed a second superseding indictment charging Hudson with the same offenses on October 13, 2011.[10]  These charges, unlike the one-count bill of information, involve penalties of up to thirty years.

Hudson again changed lawyers and now moves for the third time to dismiss the indictment against him.  In the current motion, Hudson changes course and argues that he had an agreement with the Government that he would waive the statute of limitations and the Government in return would charge him with only one count of conspiracy to commit access device fraud[11] and would not charge him with bank fraud or other counts of access device fraud.  The defendant argues that the Government violated this agreement by filing the additional charges.  Hudson asserts that he is entitled to specific performance of this agreement

_____

[9]     R. Doc. 66.

[10]    R. Doc. 136.

[11]    The defendant's brief is not consistent about whether the "one count" involved in the agreement was a count of access device fraud or a count of conspiracy to commit access device fraud.  For example, the defendant argues that the Government violated the agreement "by charging defendant with four counts of Access Device Fraud instead of one" (R. Doc. 134 at 2), but later asserts that the agreement was that the defendant "would only be charged with one count of Conspiracy to Commit Access Device Fraud" (R. Doc. 134-1 at 1).

4

which, he argues, requires dismissal of all charges contained in the second superseding indictment except Count One.

The Government, in contrast, asserts that it never promised or agreed to forego all charges in exchange for or in an attempt to induce Hudson's waiver.  Rather, according to the Government, Hudson signed the waiver in anticipation of entering a plea agreement to a single charge of conspiracy to commit access device fraud.  The Government asserts that Hudson's motivation for signing the waiver of the limitations defense was to avoid prosecution under the bank fraud and bank fraud conspiracy statutes, which carry heavier penalties.  Then, Hudson refused to enter a plea to the one count bill of information for conspiracy to commit access device fraud, which would have capped his exposure to five years.

## II. Discussion

### A.  *Alleged Agreement to Limit Charges*

The agreement that Hudson asserts existed between himself and the Government does not make sense.  According to the Government, Hudson's alleged criminal conduct included bank fraud (18 U.S.C. § 1344), access device fraud (18 U.S.C. § 1029), conspiracy to commit bank fraud (18 U.S.C. § 1349), conspiracy to commit access device fraud (18 U.S.C. § 371) and tax violations. The maximum penalty for charges of bank fraud and conspiracy to

commit bank fraud is imprisonment for thirty years.  *See* 18
U.S.C. §§ 1344, 1349.  The limitations period for these offenses
is ten years.  *See* 18 U.S.C. § 3293.  Access device fraud, on the
other hand, carries a lower maximum penalty of 10 years
imprisonment, and a shorter statute of limitations period of five
years.  18 U.S.C. §§ 1029, 3282.  Conspiracy to commit access
device fraud is also subject to a five year statute of
limitations, but the maximum sentence for this offense is five
years.  18 U.S.C. §§ 3282, 371.  Although the conspiracy to
commit access device fraud and access device fraud charges were
prescribed, the bank fraud charges were not.  There is no reason
why the Government would choose to forego bringing the heavier
and unprescribed charges of bank fraud and conspiracy to commit
bank fraud in order to prosecute Hudson for a prescribed offense
with a lesser penalty.  Moreover, the Government denies that this
was the agreement.

There is nothing in the language of the waiver or in the
record evidence that supports Hudson's contention.  *See United
States v. Helbling*, 209 F.3d 226, 237 (3d Cir. 2000) ("The
difficulty with [defendant]'s argument on appeal is that his
assertion – that the government promised to engage in a full
scale investigation – cannot be squared with the record evidence,
or the language of the waiver itself.").  The waiver makes no
mention of any promise on behalf of the Government to limit the

6

charges as a result of Hudson's execution of the document. Further, Hudson's descriptions of his dealings with the Government in earlier filings completely contradict his latest argument.  For example, in Hudson's second motion to dismiss the indictment, when discussing the waiver, he stated: "There is no reciprocal agreement between the government and Mr. Hudson, guaranteeing that Bank Fraud charges would not be levied against him.  There is no agreement that other charges would not be levied against him".[12]  In his reply to the Government's opposition to the motion to dismiss, Hudson again contended there was no promise by the Government not to bring other charges.  The defendant stated: "There are no agreements whatsoever barring the Government from bringing Bank Fraud charges today tomorrow or in sixty years because the alleged waiver forecloses Mr. Hudson from asserting any type of statute of limitations defense."[13]  Indeed, the defendant even went so far as to question why, "if the Government promised Mr. Hudson that they would not bring bank fraud charges for his successful execution of the waiver... was that stipulation not mentioned in the waiver...?".  In addition, Hudson is inconsistent about the precise nature of the alleged agreement even within the present motion.  At one point Hudson states that the agreement was that he would be charged with only

---

[12]    R. Doc. 56-2 at 7.

[13]    R. Doc. 77 at 3.

one count of access device fraud, but elsewhere he asserts that the single count would be a charge of conspiracy to commit access device fraud.

Because the agreement Hudson outlines, that he signed the waiver in exchange for an agreement from the Government that it would charge him with only one count of conspiracy to commit access device fraud, does not make sense and is completely unsupported, the Court finds that it did not exist.  Accordingly, Hudson's motion to enforce is denied.

### B. Validity of Waiver

The Court notes that this time Hudson does not challenge the validity of the statute of limitations waiver as to the conspiracy charge in Count One.  In an abundance of caution, the Court reviews the principles that apply to a waiver of a statute of limitations defense.

A statute of limitations defense is not jurisdictional and may be waived by a defendant.  *United States v. Arky*, 938 F.2d 579, 581 (5th Cir. 1991).[14]  To be valid, the waiver must be knowing, voluntary, and intelligent.  *United States v. Wilson*, 26

---

[14]    Indeed, some courts note the usefulness of such waivers in the failed plea agreement context.  *See United States v. Reguer*, 105 F.3d 813, 814-15 (2d Cir. 1997) (noting that the Government could prevent the situation of a prosecution being time-barred following the defendant's withdrawal of his guilty plea by "securing waivers of the statute of limitations in its plea agreements.").

F.3d 142, 155-56 (D.C. Cir. 1994) (inquiring whether the defendant's waiver was made knowingly, voluntarily, and intelligently in order to determine whether the waiver was valid); *United States v. Meeker*, 701 F.2d 685, 688 (7th Cir. 1983) ("The purposes of a time bar are not offended by a knowing and voluntary waiver of the defense by the defendant."); *United States v. Levine*, 658 F.2d 113, 124 n.17 (3d Cir. 1981) (explaining that knowing and intelligent waivers are valid but "should be made with the advice of counsel and informed by an understanding of the consequences of waiver"). A waiver must be "done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (quoting *McMann v. Richardson*, 397 U.S. 759, 766 (1970)) (guilty plea context). It is the burden of the defendant to come forward with affirmative evidence that his waiver was unknowing. *United States v. Koh*, 968 F.Supp. 136, 138 (S.D.N.Y. 1997). Courts have ruled that a waiver of the statute of limitations may not be valid when induced by the government's misrepresentations. *See United States v. Heidecke*, 900 F.2d 1155, 1161 (7th Cir. 1990) (finding that no such misrepresentation occurred); *United States v. Catapano*, 2008 WL 2222013, at *24 (E.D.N.Y. May 22, 2008) (waiver was invalid when government failed to disclose that defendant had already been charged in indictment filed under seal).

9

In two earlier decisions, the Court held that Hudson's waiver was voluntary, knowing and intelligent.[15]  The Court reached this conclusion on the basis of a number of factors. First, at the time the waiver was executed, Hudson was represented by counsel, and both he and his lawyer signed the waiver.  *See United States v. Wild*, 551 F.2d 418, 423 (D.C. Cir. 1977) (waiver was valid when defense counsel negotiated for it); *United States v. Sindona*, 473 F.Supp. 764, 766 (S.D.N.Y. 1979) ("a deliberate and intentional waiver of the statute of limitations, when a defendant is advised by counsel, is valid and effective.").  Second, the waiver itself is clear and unambiguous, which indicates that it was made knowingly.  *United States v. Place*, 746 F.Supp.2d 308, 313 (D. Mass. 2010)(citing *United States v. Heidecke*, 683 F.Supp. 1215, 1218 (N.D. Ill. 1988)).  Third, Hudson had a reason to sign the waiver.  By exposing himself to prescribed conspiracy to commit access device fraud and access devices fraud charges, Hudson hoped to avoid the more onerous, and unprescribed, bank fraud charges.  The waiver was signed in anticipation of a plea agreement, and Hudson's attorney intended for his client to benefit from signing the waiver.  *See Wild*, 551 F.2d at 423 (waiver was valid when the defendant's attorney "negotiated for the express written waiver, obviously intending that his client would derive some benefit

---

[15]     R. Docs. 52, 90.

from it"). Finally, there is no basis for finding that the Government induced the waiver through misrepresentations. The Court has already found that the agreement Hudson now alleges to have existed between himself and the Government did not exist. There is no indication that the Government misled Hudson in order to induce him to sign the waiver.

Further, the waiver is unconditional. The waiver states that Hudson, "having been fully informed of the nature of the limitations period set forth in Title 18, United States code, Section 3282, do[es] hereby waive any right to assert the limitations period as a defense".[16] The waiver does not limit its effectiveness to a certain length of time, nor does it condition its enforcement on the Government's charging Hudson exclusively with access device fraud (or conspiracy to commit access device fraud). *See United States v. Spector*, 55 F.3d 22, 26 n.4 (1st Cir. 1995) (emphasizing that when the parties set forth the terms of a waiver of a statute of limitations in writing, "it makes sense to hold them to those terms absent good reason to do otherwise"); *United States v. Place*, 746 at 313 (upholding the validity of a waiver of statute of limitations defense in part because "neither document offers a promise to avoid indictment"). The waiver's open-endedness does not make it unenforceable. *See United States v. Caldwell*, 859 F.2d 805, 807 (9th Cir. 1988)

---

[16]    R. Doc. 150-1.

11

(holding that an open-ended waiver of the five-year statute of limitations was knowing, voluntary and therefore valid because the Court found "no basis for distinguishing between limited-term and open-ended waivers" ); *Wild*, 551 F.2d at 425 (refusing to void a waiver on the grounds that it contained no time restriction because a statute of limitations does not "run in favor" of a defendant who "persuaded the government to agree to a waiver while he pursued the possibility of a plea agreement."). In addition, there is no evidence that the Government failed to file the indictment within a reasonable length of time following the waiver.  The delay between the execution of the waiver on May 8, 2009, and the filing of subsequent indictments is substantially attributable to the defendant's attempts to obtain a beneficial disposition of his case by means of plea bargaining.

Moreover, the Court notes that it was the defendant's decision not to go through with the plea deal that would have limited his exposure to one count of conspiracy to commit access device fraud, which carries a maximum penalty of five years.  The Court is not faced with a scenario in which the defendant signed a statute of limitations waiver and then the Government refused to offer him a plea deal or to honor a plea agreement once entered.  Here, it was Hudson who refused to plead to the lesser charge.  In any event, a waiver of limitations defense does not become invalid because it later proves to have unfavorable

consequences.  *See United States v. Levine*, 658 F.2d 113, 121 (3d
Cir. 1981) ("Although [defendant's] waiver may prove to have
unfavorable consequences, he cannot subsequently repudiate his
bargain simply because hindsight indicates that a different
strategy might have occasioned more desirable results.").  In
*United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990),
for example, the defendant was a target of an investigation for
violations of extortion statutes.  Because the Government had not
reached a final decision whether to indict the defendant, he
agreed to sign a statute of limitations waiver.  Ultimately, the
Government filed an indictment; the defendant "lost his gamble
that by giving his prosecutors more time, they might decide
against proceeding with an indictment."  *Heidecke*, 900 F.2d at
1162.  The Seventh Circuit found that this turn of events did not
invalidate the waiver.  The Court held that the waiver was
knowing, voluntary and therefore valid.  *See also United States
v. Del Percio*, 870 F.2d 1090, 1093-94 (6th Cir. 1989) (when
defendants signed waivers of limitations defense in the belief
that further inquiry would cause the government to drop the case,
waiver was valid when the defendants were prosecuted).  In *Wild*,
551 F.2d at 425, the D.C. Circuit upheld a waiver of a statute of
limitations defense in similar circumstances.  In that case, the
defendant signed the waiver in order to continue plea
negotiations.  Eventually the negotiations proved unsuccessful,

and the Government indicted the defendant.  The Court explained that it was unable to find "that the limitation statute's policy is violated here where the defendant was fully cognizant of the consequences of such a waiver and decided to execute it on the advice of his attorney for his own benefit." *Wild*, 551 F.2d at 425.  Accordingly, the Court upheld the waiver's validity.  Here, too, Hudson signed the waiver for his own benefit.  The purpose of exposing himself to access device fraud charges was to avoid the heavier penalties associated with charges of bank fraud and conspiracy to commit bank fraud.  For reasons of his own, Hudson decided not to plead to the one count of conspiracy to commit access device fraud.  His waiver of statute of limitations remains valid.

## III. Conclusion

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __31st__ day of October, 2011.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE