```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO: 09-171

JAMAL DERRICK HUDSON                            SECTION: R

### ORDER AND REASONS

Before the Court is defendant's motion to continue the trial in this matter.[1] Because the ends of justice served by granting a continuance do not outweigh the best interest of the public and the defendant in a speedy trial, the Court DENIES the motion.

**I. Background**

On June 16, 2009, the Government filed a bill of information charging Hudson with one count of conspiring to commit access device fraud in violation of Title 18, United States Code, Section 1029(a)(2).[2] Hudson's initial arraignment occurred on July 7, 2009, and the trial date was set for September 14, 2009.[3] On March 17, 2011, a grand jury returned a superseding indictment charging Hudson with conspiracy to traffic in unauthorized access devices and to defraud federally insured financial institutions in violation of 18 U.S.C. § 371, access device fraud in violation

---

[1] R. Docs. 172, 176.

[2] R. Doc. 9.

[3] R. Doc. 14.

of 18 U.S.C.A. §§ 1029 and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[4]  The grand jury returned a second superseding indictment charging Hudson with the same offenses on October 13, 2011.[5]  Following the return of the second superseding indictment, the Court granted the defendant's motion to continue the trial date from October 24, 2011 to November 7, 2011.  In total, the defendant has obtained eight continuances, totaling over two years from the original trial date.

Defendant now moves for another continuance.  The defendant argues that the Court should grant a continuance because of changes in the superseding indictment, new discovery recently produced to the defendant, new motions filed by the Government, and defense counsel's schedule.  The Government opposes the motion.

## II. Discussion

The propriety of granting a continuance depends on the circumstances of the case.  *United States v. Kelly*, 973 F.2d 1145, 1147 (5th Cir. 1992).  The factors courts consider when determining whether a continuance is warranted include the amount of time available for preparation, the defendant's role in shortening the time needed, the likelihood of prejudice from

---

[4]     R. Doc. 66.

[5]     R. Doc. 136.

denial, and the availability of discovery from the Government. *United States v. Messervey*, 317 F.3d 457, 462 (5th Cir. 2002) (citing *United States v. Uptain*, 531 F.2d 1281, 1286-87 (5th Cir. 1976)).  The Court must balance the justifications offered by the party seeking the continuance against the judicial system's interest in expeditious proceedings.  *United States v. O'Keefe*, 1996 WL 80095, at *1 (E.D. La. Feb. 22, 1996) (citing *Kelly*, 974 F.2d at 1147).

    *A. Second Superseding Indictment*

    Section 3161(c)(2) of Title 18 provides that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se."  18 U.S.C. § 3161(c)(2). A superseding indictment does not automatically entitle a defendant to a new thirty-day trial preparation period.  *See United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985) ("Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of the superseding indictment.").  A district court does, however, have broad discretion to grant a continuance under section 3161(h)(8) if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8); *Rojas-Contreras*, 474 U.S. at 234-35.  The

district court's ability to grant a continuance under Section 3161(h)(8) "should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *Rojas-Contreras*, 474 U.S. at 236.

The defendant contends that the changes in the second superseding indictment substantially altered his defense. The defendant argues that the second superseding indictment made changes to the names of some of the financial institutions involved and now the defendant "cannot rely on the government's inability to prove that any of the named institutions were involved with any of the charges alleged."[6]

The vast majority of the changes to the second superseding indictment are minor. No new counts, transactions or substantive factual allegations were added. Contrary to the defendant's suggestion, the changes in the bank names did not involve new financial institutions. Rather, the changes to the names are cosmetic and included such alterations as adding the word "bank" to the name,[7] changing the name to reflect the current name of the institution (placing the previous name in parentheses),[8] or changing the name to reflect the previous name of the bank to be

---

[6] R. Doc. 172.

[7] For example, "Pacific Capital" was changed to "Pacific Capital Bank."

[8] The references to "Bank of America" now read "MBNA (Bank of America)."

consistent with the names in the Government exhibits.[9]  The underlying evidence has not changed.  Accordingly, the Court is not persuaded that these types of changes merit a continuance.

In addition to the alterations of the bank names, the second superseding indictment made other changes to the specifics of the transactions underlying the charges.  The second superseding indictment changed: (1) the dates of the transaction in Overt Acts 19 and 56 of Count 1, Count 4 and Count 29; (2) the amount of the transaction changed in Overt Acts 24 and 56; (3) the initials of the account holder in Overt Act 27; and (4) the account number of the affected account in Overt Acts 29, 45 and Count 6.  The Court already granted the defendant a two-week continuance following the return of the superseding indictment. *See United States v. Punelli*, 892 F.2d 1364, 1369 (8th Cir. 1990) (explaining that when a court grants a continuance, "the court is not necessarily compelled to grant an additional thirty days. The length of the continuance will depend on the facts and circumstances of each case.").  Even if the changes to the indictment require additional preparation, the defendant has not explained why he could not reasonably accomplish this preparation in the twenty-four days between the return of the second superseding indictment and the first day of trial.  *See United States v. Hawkins*, 765 F.2d 1482, (11th Cir. 1985) (finding that

---

[9]   "Chase Bank" is now "Bank One (Chase Bank)."

any additional preparation required because the second superseding indictment removed an available defense could be accomplished in the twenty-four days between the return of the second indictment and trial).

*B. New Discovery, Motion and Counsel's Schedule*

The new discovery to which the defendant refers consists of (1) forty-five pages of FDIC certifications relating to the federally-insured status of the financial institutions at issue; (2) 15 pages of defendant's motor vehicle records; and (3) forty-two pages of the defendant's employment records. Although the availability of discovery from the Government is a factor to be considered in determining whether to grant a continuance, *Messervey*, 317 F.3d at 462, the Court finds that this newly produced discovery does not warrant a continuance. The FDIC certifications were produced to the defendant following defense counsel's decision not to stipulate to the federally-insured status of the institutions, and the motor vehicle and employment records are the defendant's own records. The discovery is not voluminous and the defendant has not explained why the production of these documents requires more preparation time than the three weeks between receiving the documents and the start of trial. *See Kelly*, 973 F.2d at 1148 (finding that the district court did not err in denying a continuance when the defendant did not show

prejudice from the Government's alleged failure to timely comply with its discovery obligations).

The motions the Government has filed since the pretrial conference complied with the dates set by the pretrial order, to which the defendant did not object, or related to matters raised by the Court. These motions are not numerous or unusually complex and do not provide grounds for a continuance. Further, many of the Government's filings are in response to matters raised by the defendant. Nor is defense counsel's schedule a basis on which the court should rely to grant a continuance. *See Kelly*, 973 F.2d at 1148 (rejecting defendant's argument that his counsel could not adequately prepare because he had a conflicting trial set for the same day as defendant's trial). The Court considered defense counsel's schedule in selecting the current trial date.

### III. Conclusion

The Court finds no factor present which dictates in favor of granting the defendant additional preparation time beyond the two-week extension already granted when the superseding indictment was returned. The parties have had ample time to prepare for trial. The bill of information was filed over two years ago, the first superseding indictment was returned well over seven months ago, the defendant has benefitted from the

additional preparation time afforded by numerous earlier continuances, and the impact of the second superseding indictment is not material.  The ends of justice would not be served by yet another continuance of trial.  Accordingly, the Court DENIES the defendant's motion.

New Orleans, Louisiana, this  1st  day of November, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE