```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO: 09-171

JAMAL DERRICK HUDSON                              SECTION: R


### ORDER AND REASONS

Before the Court is the Government's motion to admit summary witness testimony and summary evidence.[1] Because the underlying evidence is voluminous and review by the jury would be inconvenient, the Court finds that the use of summary evidence is appropriate and GRANTS the Government's motion.

### I.   BACKGROUND

Jamal Derrick Hudson was indicted for conspiracy in violation of 18 U.S.C. §§ 1029(a)(2), 1344 and 371, access device fraud in violation of 18 U.S.C. §§ 1029(a)(2) and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[2] The Government alleges that Hudson participated in a conspiracy to use stolen credit card and bank information to order or pay for wireless cellular telephone equipment and services from Alltel

---

[1] R. Docs. 135, 163.

[2] R. Doc. 136.

Communications, Inc. ("Alltel") and other phone companies.  The scheme allegedly involved the use of identity, access device, and bank fraud with a resulting loss to Alltel of approximately $171,000.

In response to suspected fraud, Alltel conducted an internal investigation, including lawful telephone intercepts, to determine if its property rights were being violated.  Robert Davis, who worked as the investigations manager at Alltel for six years, oversaw this investigation.  Another aspect of the investigation involved reviewing hundreds of Alltel records, including Alltel account documents, victim affidavits, Alltel bills and invoices, Alltel payment history documents, and financial documents from financial institutions.  At the conclusion of its internal investigation, Alltel turned over these documents to law enforcement.  The Government produced these documents to the defendant during discovery in this case.

At trial, the Government intends to call Robert Davis as a fact witness and as a summary witness.  In his capacity as a fact witness, Davis will be offered to testify about his personal knowledge of Alltel's investigation.  In his capacity as a summary witness, he will be offered to present a summary chart that shows all of the fraudulent Alltel accounts that were created through the scheme charged in the indictment, the fraudulent financial charges made on these accounts, and the

financial institutions upon which the charges were drawn. The Government contends that the documents underlying this summary chart are business records Davis reviewed as part of Alltel's investigation, which will be admitted through Davis or through Rule 902(11) business record certifications. The Government will not offer the victim affidavits. The Government asserts that the chart and testimony will aid the jury in understanding Alltel's internal processes for establishing customer accounts, ordering equipment and services on those accounts, processing payments on the accounts and refunding or reversing fraudulent charges.

The defendant opposes the use of Davis as a summary witness. The defendant argues that Davis's testimony will be repetitive, will involve inadmissible hearsay, and will violate the Confrontation Clause.

**II. DISCUSSION**

*A. Summary Evidence*

The use of summary testimony and documents is governed by Federal Rule of Evidence 1006. The rule provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

F.R.E. 1006. The rule allows for the use of summaries when (1)

the underlying records are voluminous, and (2) in-court examination would be inconvenient. *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990)("This rule requires only that the underlying records be voluminous and that in-court examination be inconvenient.").

    i. Summary Charts

The Fifth Circuit has held that summary charts, in particular, are admissible when: (1) they are based on competent evidence; (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested; (3) the chart preparer is available for cross-examination; and (4) the jury is properly instructed concerning use of the charts. *Bishop*, 264 F.3d 535, 547 (5th Cir. 2001).[3]

As an initial matter, the Court finds that the underlying

---

[3] The Fifth Circuit is inconsistent as to whether the documents underlying summary evidence have to be in evidence. *Compare United States v. Valencia*, 600 F.3d 389, 417 (5th Cir. 2010) (explaining that the Court's holding in *Bishop* did not mandate the introduction of the underlying materials in order for a witness to summarize their contents "as this would contravene the plain language and purposes of Rule 1006"), *with S.E.C. v. Seghers*, 298 Fed. Appx. 319, 325 (5th Cir. 2008) (citing *Bishop* for the proposition that a requirement for the admissibility of summary charts is that "they are based on competent evidence already before the jury".). Indeed, Rule 1006 appears to contemplate that the underlying records themselves need not be before the jury. Nevertheless, it would be anomalous not to require a summary to be based on competent evidence. Therefore, some demonstration as to the competence of the underlying evidence is warranted whether or not the evidence is actually introduced.

records are sufficiently voluminous to make jury review inconvenient.  *See United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990) ("The underlying records were undisputably voluminous, consisting of hundreds of exhibits.  Examination of the individual records would have been burdensome and time-consuming without the aid of summaries."); WRIGHT & MILLER, 31 FEDERAL PRACTICE AND PROCEDURE § 8044 ("The convenience standard is satisfied where, even though it is possible for the jury to digest the source material, appreciable time and effort can be saved by admitting summary evidence.").  The underlying records total hundreds of pages and reflect numerous transactions for hundreds of lines of telephone service.  In addition, the use of a summary is appropriate because the chart is intended to aid the jury in detecting a pattern.  *See United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990) (upholding the admissibility of summary chart that showed a recurring pattern of hospital admissions among a large group of conspirators because the Court "cannot rationally expect an average jury to compile summaries and to create sophisticated flow charts to reveal patterns that provide important inferences about the defendants' guilt.").  Here, the Government intends to use the chart to help demonstrate a pattern of California residents' opening Alltel accounts, shipping the phones to New Orleans, and using those phones in New Orleans.

Further, the Government states that it produced the primary evidence used to construct the charts to the defendant during discovery, and that the chart preparer, Robert Davis, will be available for cross-examination. In addition, the Court will instruct the jury on the limited use of the charts. The remaining question, therefore, is whether the summary charts are based on competent evidence.

*a. Rules of Evidence*

The underlying evidence is clearly relevant as it is offered to prove the existence of a fraudulent scheme involving the use of stolen credit card and bank information to order or pay for cell phone equipment and services. Further, the Government asserts that the underlying Alltel account documentation, bills and invoices, payment history documentation and payment order information are admissible business records. The Federal Rules of Evidence allow the admission of "records of regularly conducted activity" so long as the record was (1) "made at or near the time by, or from information transmitted by, a person with knowledge," (2) "kept in the course of a regularly conducted business activity," and (3) "it was the regular practice of that business activity to make the [record]." FED. R. EV. 803(6). The Government will ask to call Robert Davis to lay the foundation for the Alltel records. "There is no requirement that the witness who lays the foundation be the author of the record or be

able to personally attest to its accuracy.  Rather, a qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met."  *United States v. Ned*, 637 F.3d 562, 570 (5th Cir. 2011)(internal citations omitted).  If Davis's testimony establishes the prerequisites for admitting these records as business records, the records will satisfy the hearsay exception outlined in Rule 803(6) (allowing for the admission of records made at or near the time by, or from information transmitted by a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business to make the record).

   The other documents underlying the summary chart are financial documents reflecting charges made for Alltel services drawn on the financial institutions listed in the indictment.  These documents are not Alltel records, but records from the affected financial institutions.  The Government argues that these documents also satisfy the business records exception of Rule 803(6) and that authentication and business records foundation will be established by Rule 902(11) certifications.  Rule 902(11) provides for the admissibility of a business record that would be admissible under Rule 803(6) when it is **accompanied by a certification of a custodian or other qualified person that the record "was made at or near the time of the occurrence of the**

**matters set forth by, or from information transmitted by, a person with knowledge of those matters;** was kept in the course of the regularly conducted activity; and was made by the regularly conducted activity as a regular practice." F<small>ED</small> R. E<small>V</small>. 902(11). The Government has provided the defendant with notice that it intends to use Rule 902(11) certifications from a custodian of the records for each institution that has records to be admitted. This type of certification is sufficient to establish that the financial records are business records admissible under the business records exception to the hearsay rule. *See United States v. Yeley-Davis*, 632 F.3d 673, (holding that a 902(11) certification from the Verizon records custodian established that the phone records were business records admissible under Rule 803(6) when introduced by a law enforcement agent); *United States v. Lock*, 411 Fed. Appx. 5, 2010 WL 4922881, at *1 (7th Cir. Nov. 29, 2010) (affirming the district court's admission of loan documents certified by the record custodians under 902(11)). Accordingly, subject to introduction of the proper foundation, the underlying documents are business records.

    b. *Confrontation Clause*

    Even if records are admissible under the business records exception to the hearsay rule, the Court must still determine whether their admission violates the defendant's Sixth Amendment right to confrontation. "[T]he Confrontation Clause prohibits

(1) testimonial out-of-court statements; (2) made by a person who does not appear at trial; (3) received against the accused; (4) to establish the truth of the matter asserted; (5) unless the declarant is unavailable and the defendant had a prior opportunity to cross examine him." *United States v. Jackson*, 636 F.3d 687, 695 (5th Cir. 2011) (citing *United States v. Gonzalez*, 436 F.3d 560, 576 (5th Cir. 2006)). Testimonial statements are those made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527, 2539-40 (2009) (citing *United States v. Crawford*, 541 U.S. 36, 52 (2004)). The Government bears the burden of establishing that its evidence is non-testimonial. *Id.* (citing *United States v. Arnold*, 486 F.3d 177, 192 (6th Cir. 2007) (holding that "the government ha[d] met its burden of proving that [the statements in question] were non-testimonial")).

In *Crawford*, the Supreme Court mentioned business records as an example of statements that "by their nature," are not testimonial. *Crawford*, 541 at 56. Generally, "business records are not testimonial in nature and their admission at trial is not a violation of the Confrontation Clause." *Jackson*, 636 F.3d at 695 (citing *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007)). Although business records usually are not testimonial,

they are not "*per se* nontestimonial." *Id.* at 695 n.2. "Business and public records are generally admissible absent confrontation ... because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial." *Melendez-Diaz*, 129 S.Ct. at 2539-40. Accordingly, under *Melendez-Diaz*, the relevant question in determining whether a business record is testimonial is whether it was created for the administration of an entity's affairs or for the purpose of establishing or proving some fact at trial. *Id.* at 1239-40. If the primary purpose of creating the record is not to prove a fact at trial, "the admissibility of [the records] is the concern of state and federal rules of evidence, not the Confrontation Clause." *Michigan v. Bryant*, 131 S.Ct. 1143, 1155 (2011).

The Alltel documents are not testimonial. The proffered documents, the Alltel account documents, bills and invoices, payment history documentation and payment order information, are routine records completed by Alltel personnel. The account documentation relates to individual account openings and consists of "screen shots" showing the name of the account, the internally assigned account number, the date of birth of the account holder, the social security number of the account holder and other identifying information relating to the account. The other documents are created by Alltel personnel and show the activity

10

in a particular account, such as charges and payments.  All of these records appear to be created as a part of Alltel's regularly conducted business activities and not created in anticipation of litigation.  *See Melendez-Diaz*, 129 S.Ct. at 2539-40 ("having been created for the administration of an entity's affairs ...the[ records] are not testimonial.").  Accordingly, the Alltel records are nontestimonial and do not pose a Confrontation Clause problem.[4]

The documents from the affected financial institutions are also nontestimonial.  *See, e.g., Hemphill*, 514 F.3d at 1359 ("bank records and credit card statements are not testimonial evidence.").  The documents were created by the financial institutions for the administration of their affairs and not for litigation purposes.  They reflect the charges made for Alltel services drawn on the financial institutions.

The 902(11) certifications authenticating the financial institution documents present a more difficult question.  *See id.* (acknowledging that business record certifications under 902(11) could be described as affidavits prepared for litigation purposes).  In *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007), a decision that preceded *Melenez-Diaz*, but that has

---

[4]  As indicated earlier, the Government no longer seeks to introduce victim affidavits which "fall within the core class of testimonial statements" governed by the Confrontation Clause. *Melendez-Diaz*, 129 S.Ct. at 2532.

never been called into question, the Fifth Circuit held that *Crawford* did not apply to the foundational evidence authenticating business records. The Court based its decision, in part, on the Seventh Circuit's decision in *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006). Many other circuits have relied on *Ellis* to reach a similar conclusion. *See United States v. Yeley-Diaz*, 632 F.3d 673, 680-81 (10th Cir. 2011) (finding that *Melendez-Diaz* did not overrule *Ellis* and holding that foundational authenticating documents are nontestimonial); *United States v. Adefehiniti*, 510 F.3d 319, 328 (D.C. Cir. 2008) (relying on *Ellis* to find that Rule 902(11) certificates did not violate the Confrontation Clause); *United States v. Schwartz*, 315 Fed. Appx. 412, 417 (3d Cir. 2009) (same). The Court in *Ellis* reasoned that because "the records themselves do not fall within the constitutional guarantee provided by the Confrontation Clause, it would be odd to hold that the foundational evidence authenticating the records do[es]." *Ellis*, 460 F.3d at 927. The analysis in *Ellis* was guided by decisions relating to public records, including *United States v. Rueda-Rivera*, 396 F.3d 678 (5th Cir. 2005). *Rueda-Rivera*, however, has been explicitly overruled by *United States v. Martinez-Rios*, 595 F.3d 581, 586 (5th Cir. 2010). In *Martinez-Rios*, the defendant was charged with illegal reentry into the United States. The Government introduced a certificate of nonexistence of record ("CNR")

12

without the testimony of the records analyst. The Fifth Circuit reversed its previous position and concluded that, in light of *Melendez-Diaz*, the certificate generated exclusively for use at trial was testimonial. But the CNR in *Martinez-Rios* is distinguishable from the certification here. The CNR is a document that was created to establish a fact at trial: that no record existed to show that the defendant obtained government permission to reapply for admission. In contrast, the certification here is an authentication of otherwise admissible documents. In *Melendez-Diaz*, the Supreme Court specifically distinguished between these two types of affidavits. The Court explained that "[a] clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not do what the analysts did here: *create* a record for the sole purpose of providing evidence against a defendant." *Melendez-Diaz*, 129 S.Ct. at 2539 (emphasis in original). Further, the majority rejected the concern expressed in Justice Kennedy's dissent that the Court's holding would disrupt the practice of authenticating documents under Rule 902(11). *See Melendez-Diaz*, 129 S.Ct. at 2539 ("Contrary to the dissent's suggestion, ... we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the...authenticity of the sample ... must appear in person as part of the prosecution's case."). Therefore, although *Melendez-Diaz* required the Fifth Circuit to

13

change its treatment of a CNR, it does not require a finding that a business record authentication is testimonial. Indeed, reading *Melendez-Diaz* in conjunction with *Morgan* counsels in the other direction. The certifications here are authentications of otherwise admissible records and do not themselves create new records. Accordingly, they are nontestimonial.[5]

Because the evidence underlying the summary charts is admissible, the primary evidence used to construct the charts was made available to the defense, the chart preparer will be available for cross-examination, and the Court will instruct the jury concerning use of the charts, the Court finds that the summaries are admissible. *See Bishop*, 264 F.3d at 547 (explaining the specific requirements for the admissibility of summary charts).

### ii. Summary Witness

Having decided that the charts are admissible, the Court must now determine whether Davis may serve as a summary witness. Although Rule 1006 "does not specifically address summary witnesses," in "complex cases, [the Fifth Circuit] has allowed summary witnesses in a limited capacity." *United States v.*

---

[5] Although a 902(11) certification goes beyond a simple statement that the record in issue is a record of the business in question, none of the courts to address the issue has found this to be an impediment to the use of these certifications under the Confrontation Clause.

14

*Nguyen*, 504 F.3d 561 (5th Cir. 2007); *see also* WRIGHT & MILLER, 31 FEDERAL PRACTICE AND PROCEDURE § 8044 ("Rule 1006 sometimes is invoked to justify the admission of a summary of testimony, especially where the testimony may itself refer to the contents of writings, recordings, or photographs."). Summary witnesses "may be appropriate for summarizing voluminous records, as contemplated by Rule 1006." *United States v. Fullwood*, 342 F.3d 409, 414 (5th Cir. 2003). In contrast, "rebuttal testimony by an advocate summarizing and organizing the case for the jury...[is] not justified by the Federal Rules of Evidence or [Fifth Circuit] precedent." *Id.* Summary testimony "should be accompanied by a cautionary jury instruction." *United States v. Armstrong*, 619 F.3d 380, 385 (5th Cir. 2010) (citing *Bishop*, 264 F.3d at 547).

Davis was the manager of the Alltel investigation and he prepared the summary chart. The Government seeks to use Davis to provide the foundation for its summary evidence and to summarize the voluminous records. This use of a summary witness is appropriate. *See United States v. Armstrong*, 619 F.3d 380, 385 (5th Cir. 2010)("Here the evidence- involving numerous witnesses, technical testimony, and scores of exhibits- has sufficient complexity to justify use of a summary witness."); *United States v. Tannehill*, 49 F.3d 1049, 1056 (5th Cir. 1995) (upholding the district court's decision to admit an agent's summary testimony because it "was helpful to the jury in explaining the charts and

15

the documents he relied upon in preparing them"); *see also United States v. McElroy*, 587 F.3d 73, 82 (1st Cir. 2009) (holding that the summary testimony of an insurance executive about unpaid workers' compensation insurance programs was proper). The Government also intends to call Davis as a fact witness to testify about his personal knowledge of the Alltel investigation. It is permissible for Davis to testify as both a fact witness and a summary witness. *See United States v. Castillo*, 77 F.3d 1480, 1499 (5th Cir. 1996) (recognizing that a witness could be a fact witness and a summary witness). Accordingly, the Government's proposed use of Davis's testimony is proper.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion to admit summary witness testimony and summary evidence, provided the proper foundation is laid at trial.

New Orleans, Louisiana, this 1st day of November, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE