UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-171

JAMAL DERRICK HUDSON                        SECTION: R


**ORDER AND REASONS**

Before the Court is a motion *in limine* submitted by the Government to exclude all argument, references, or inferences relating to any alleged drug use of Government witnesses.[1] Because the Court does not have the factual predicate necessary to resolve this issue, the Court DEFERS its ruling on the Government's motion.

**I. Background**

Jamal Derrick Hudson was indicted for conspiracy in violation of 18 U.S.C. §§ 1029(a)(2), 1344 and 371, access device fraud in violation of 18 U.S.C. §§ 1029(a)(2) and 2, and bank fraud in violation of 18 U.S.C. §§ 1344 and 2.[2] The Government alleges that Hudson participated in a conspiracy to obtain wireless cellular telephone equipment and services from Alltel

---

[1] R. Doc. 193.

[2] R. Doc. 136.

Communications, Inc. through the use of identity, access device, and bank fraud.

One of the defendant's proposed jury instructions is an instruction on a witness's use of addictive drugs.[3] In response to this instruction, the Government now moves to exclude all argument, references, or inferences relating to any alleged drug use of Government witnesses. The Government argues that impeachment evidence of earlier drug use is generally prohibited because it is not probative of truthfulness. The Government asserts that because in this case the underlying scheme was ongoing and lasted several years that any single episode of drug use would not impact the witness's ability to perceive the specific, underlying events at issue. Finally, if the Court decides that a witness's drug use is relevant, the Government requests that the defendant be required to make a proffer of his impeachment evidence outside the presence of the jury.

The defendant opposes the motion. The defendant contends that some of the Government witnesses may have drug convictions, plea agreements with the Government regarding drug convictions or may have used drugs habitually during the period in which the alleged offenses were committed. The defendant wants to "test through cross-examination the ability of the witnesses to remember, the impact of the drugs upon their perception and

---

[3]   R. Doc. 183 at 3.

understanding, alterations to memory since the alleged crimes, the motivations of each witness... [and] whether they have been convicted of committing any crimes."[4]  Because the Court does not have the factual predicate necessary to squarely resolve this issue it will set out general rules regarding impeachment with criminal convictions and drug use by witnesses.

**II.  Discussion**

*A. Rule 609*

Federal Rule of Evidence 609 governs impeachment by proof of a witness's earlier criminal convictions.  "The rule is premised on the belief that a witness's criminal past is indicative of a dishonest character or a willingness to flaunt the law." STEVEN GOODE & OLIN GUY WELLBORN III, COURTROOM HANDBOOK ON FEDERAL EVIDENCE, 432 (2011).  Rule 609(a)(1) provides that evidence of a criminal conviction may be admitted to impeach a witness if (1) the crime was punishable by more than one year imprisonment and (2) it satisfies the balancing test of Federal Rule of Evidence 403. *See* FED. R. EV. 609(a)(1)("[E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year"); FED. R. EV. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

---

[4]   R. Doc. 199.

3


issues, or misleading the jury"). Rule 609(a)(2) provides that a conviction for any crime involving dishonesty or false statement may be used for impeachment. FED. R. EV. 609(a)(2) ("[E]vidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."). "Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted." *United States v. Jefferson*, 623 F.3d 227, 234 (5th Cir. 2010) (citing *United States v. Harper*, 527 F.3d 396, 408 (5th Cir. 2008). Crimes that involve dishonesty or false statement include crimes such as perjury, criminal fraud, embezzlement, or any other offenses involving some element of deceit, untruthfulness or falsification. FED. R. EV. 609 advisory committee's note. In either case, whether the conviction is a felony falling under Rule 609(a)(1) or a crime involving dishonesty under Rule 609(a)(2), it must have occurred within the last ten years to be admissible. FED. R. EV. 609(b) ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances

substantially outweighs its prejudicial effect."). Because the Court does not know which witnesses the defendant will attempt to impeach through the use of earlier convictions or what those convictions will be, the Court cannot determine whether they will be admissible under Rule 609.

   *B. Rule 608*

Federal Rule of Evidence 608 governs proof of a witness's truthful or untruthful character if offered to attack or rehabilitate the witness's credibility. Rule 608(a) sanctions the use of reputation and opinion testimony to establish the truthful or untruthful character of a witness. *See* FED. R. EV. 608(a). Rule 608(b) permits cross-examination of a witness about specific instances of his conduct that bear on his truthful or untruthful nature. *See* FED. R. EV. 608(b). Rule 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for trutfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

FED. R. EV. 608(b). This Rule "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness." *United States v. Skelton*, 514 F.3d 433, 443-44 (5th

5

Cir. 2008) (citing *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991)). To be admissible under this Rule, "the alleged bad act must have a basis in fact and...the incidents inquired about must be relevant to the character traits at issue in the trial." *Id.* (citing *United States v. Nixon*, 777 F.2d 958, 970 (5th Cir. 1985)). The district court is granted broad discretion to make determinations concerning admissibility of impeachment evidence under Rule 608(b). *Id.* (citing *Farias-Farias*, 925 F.2d at 809). "[E]ven if character evidence is deemed admissible under 608(b), its admissibility is subject to Rule 403." *Id.; see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)("the district court may under Rule 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value.").

The Fifth Circuit has held that generally, "drug use is not probative of truthfulness." *United States v. McDonald*, 905 F.2d 871, 875 (5th Cir. 1991) (holding that the trial court erred when it allowed the Government to cross-examine the defendant about his past drug use) (citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)). Courts allow impeachment with drug use under Rule 608(b) only when the use of drugs affects the witness's ability to testify at trial or affected his ability perceive the underlying events. *See United States v. Carroll*, 53 Fed. Appx. 785, 787 (7th Cir. 2002)(holding that a defendant

"could not attack [the witness's] credibility by asking the jury to infer that [the witness] should not be believed just because he is a person who has engaged in these activities [drug use] in the past."); *United States v. Clemons*, 32 F.3d 1504, (11th Cir. 1994)("a witness's use of drugs may not be used to attack his general credibility"); *United States v. Sellers*, 906 F.2d 597, 602 (11th Cir. 1991) (evidence of a witness's drug use may be limited to "specific instances of drug use [during] relevant periods of trial and the transaction charged in the indictment."); *see also United States v. Holden*, 557 F.3d 698, 703 (6th Cir. 2009) (holding that the district court did not err in excluding evidence of drug treatment that occurred nine years before the events that were the subject of his testimony and was offered to impeach the witness's general credibility); *United States v. Bentley-Smith*, 2 F.3d 1368, 1379 (5th Cir. 1993) (finding that the Government's failure to disclose a witness's admission that he had used cocaine about nine days before the trial was not a material *Brady* violation because evidence of the drug use would not have been admissible).

  The defendant indicates that he may use drug use to show that it could affect a witness's ability to recall and perceive the events underlying that witness's testimony. *See Jarrett v. United States*, 822 F.2d 1438, 1446 (7th Cir. 1987) (explaining that a witness's use of drugs may be used to attack "his or her ability to perceive the underlying events [or] testify lucidly at

7

the trial"); *see also United States v. Brenner*, 229 F.3d 1147, 2000 WL 1239118, at *2 (5th Cir. 2000)(noting that drug use "on the day in question" was "relevant in assessing [the witness's] ability to recall the events of that day").  Accordingly, the defendant wants to question these witnesses, in a discovery-like style, about their drug usage.  In *United States v. Mojica*, the district court held that it would permit the defendants to cross-examine the witness about his earlier drug use "provided they could proffer evidence that such use impaired his ability to recall and relate relevant events."  185 F.3d 780, 789 (7th Cir. 1999).  At trial, the district court conducted a voir dire examination, outside the presence of the jury, in order to determine if the defendants could make this showing.  The Court determined that "the witness's ability to recall past events was excellent" and did not permit cross-examination concerning his earlier drug use.  The Seventh Circuit upheld the district court's decision to limit cross-examination and stated that "the district court handled the issue [of whether to allow cross-examination of the witness's earlier drug use] appropriately." Id.; *see also* 4-607 WEINSTEIN'S FEDERAL EVIDENCE § 607.5 ("If counsel wishes to use evidence of drug use for impeachment purposes, counsel should furnish the court, outside the hearing of the jury with specific information about the kind of drug, dosage, its probable effect on the witness, when the witness took it in relation to the chronology of the case, and how often and

frequently he used it at other times."). On the basis of the persuasive authority of *Mojica*, the Court adopts this procedure. Accordingly, before the defendant may attempt cross-examination of a Government witness related to the witness's drug use, he shall proffer, outside of the presence of the jury, evidence that the witness's drug use affected the witness's perception of the underlying events or memory of those events. Specifically, defendant shall proffer information about the type and amount of drugs used by the witness, the probable effect, and when the witness used the drugs in relation to the events about which he testifies and in relation to the time he gives his testimony. Following the proffer, the Court will determine whether to permit cross-examination related to drug use.

### III. Conclusion

Because the Court does not have the factual predicate necessary to decide whether the defendant will be permitted to impeach Government witnesses through the introduction of earlier convictions or drug use, the Court DEFERS decision on this matter. It is ORDERED that counsel may not question Government witnesses about earlier drug use without first making a proffer to the Court outside the presence of the jury.

New Orleans, Louisiana, this __7th__ day of November, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE