UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-0171

JAMAL DERRICK HUDSON                        SECTION: R

**ORDER AND REASONS**

Defendant Jamal Derrick Hudson moves to vacate his sentence under 28 U.S.C. § 2255.[1]  Hudson also moves for appointment of counsel.[2]  For the following reasons, the Court denies the motions.

I.   **BACKGROUND**

In 2008, defendant Jamal Derrick Hudson was charged by criminal complaint with access device fraud in violation of 18 U.S.C. § 1029.[3]  On May 8, 2009, Hudson and his then attorney, Robert Jenkins, executed a waiver of the statute of limitations defense.[4]  This waiver prohibited Hudson from asserting as a

_____

[1]    R. Doc. 311.

[2]    R. Doc. 320.

[3]    R. Doc. 1.  The complaint alleges Hudson was involved in a scheme to use stolen credit card numbers to order wireless telephones from Alltel and then sell those telephones to other people.  *Id.*

[4]    R. Doc. 48-1.

defense against possible criminal charges the untimeliness of any charges brought against him.[5]

On June 16, 2009, the Government filed a Bill of Information charging Hudson with conspiracy to use unauthorized access devices in violation of 18 U.S.C. § 1029.[6]   On March 17, 2011, a grand jury returned a superseding indictment charging Hudson with conspiracy to traffic in unauthorized access devices and to defraud federally insured financial institutions under 18 U.S.C. §§ 1029(a)(2), 1344, and 371; access device fraud under 18 U.S.C. §§ 1029(a)(2) and 2; and bank fraud under 18 U.S.C. §§ 1344 and 2.[7]   The grand jury returned a second superseding indictment charging Hudson with the same offenses on October 13, 2011.[8]

Despite the waiver he previously executed, Hudson filed three separate motions to dismiss the criminal charges, asserting the

---

[5]    *Id.*  The waiver states in full:
I, Jamal D. Hudson, having been fully informed of the nature of the limitations period set forth in Title 18, United States code, Section 3282, do hereby waive any right to assert the limitations period as a defense to possible charges arising from an investigation in the Eastern District of Louisiana concerning conduct involving conspiracy, access device fraud, and bank fraud for the years 2003 through 2004.
*Id.*

[6]    R. Doc. 9.

[7]    R. Doc. 66.

[8]    R. Doc. 136.

statute of limitations defense, on October 5, 2010,[9] February 7, 2011,[10] and October 13, 2011,[11] respectively.   Finding Hudson's express waiver to be knowing, voluntary, and intelligent and thus valid, the Court denied all three motions.[12]   In his third motion to dismiss, Hudson also argued that he agreed to sign the waiver only in exchange for the Government's promise to limit the charges against him.[13]   The Court rejected this argument as well.[14]

On November 1, 2011, Hudson submitted a Notice of Alibi to the Court to show that he was living in California at the time of the crimes charged.[15]   Hudson's trial began on Monday, November 7, 2011.[16]  The defense rested on Thursday, November 10, 2011.[17]  With no objections, the Court scheduled the jury charge conference, closing arguments, and jury deliberations for the following day, November 11, 2011--Veterans Day.   At the jury charge conference, Hudson again requested that the jury be given an "alibi

---

[9]     R. Doc. 45.

[10]    R. Doc. 56

[11]    R. Doc. 134.

[12]    R. Docs. 52, 90, 182.

[13]    R. Doc. 134 at 1.

[14]    R. Doc. 182 at 5-7.

[15]    *See* R. Doc. 186.

[16]    R. Doc. 205.

[17]    R. Doc. 208.

instruction." Because the crimes charged could be committed without Hudson's definite physical presence in any particular location, an alibi was not a defense, and the Court denied his proposed instruction.[18] That same day, the jury found Hudson guilty of all counts.[19]

At sentencing, the Court applied, among other enhancements consistent with the United States Sentencing Guidelines, a four-level increase to Hudson's base offense level because his crimes involved fifty or more victims. The Court ultimately sentenced Hudson to a term of 60 months as to Count 1 and a term of 116 months as to Counts 2 through 10, with all terms to be served concurrently.[20]

Hudson appealed his convictions and sentences to the Fifth Circuit. Hudson argued that the Court committed the following errors relevant to his current motion: (1) denying Hudson's motions to dismiss based on the statute of limitations; (2) holding a jury trial on Veterans Day; and (3) applying a sentencing enhancement to Hudson's base offense level. The Fifth Circuit affirmed the judgment, holding that none of Hudson's arguments warranted relief from his convictions or sentences. *United States v. Hudson*, 550 F.

---

[18]    R. Doc. 210.

[19]    R. Doc. 212.

[20]    R. Doc. 256 at 2.

App'x 207, 211 (5th Cir. 2013).  Hudson requested rehearing, which the Fifth Circuit denied on January 24, 2014.[21]

Having exhausted his appellate remedies, Hudson now moves to vacate his sentence under 28 U.S.C. § 2255.  Hudson asserts nine grounds for relief: (1) trial and conviction on a legal holiday, (2) unlawful four-level sentencing enhancement, (3) multiplicitous sentences/double jeopardy, (4) ineffective assistance of counsel: failure to present voice identification evidence, (5) ineffective assistance of counsel: failure to object to trial on a legal holiday, (6) ineffective assistance of counsel: failure to move to dismiss on a multiplicity/double jeopardy defense, (7) ineffective assistance of counsel: failure to move to dismiss on a statute of limitations defense, (8) ineffective assistance of counsel: failure to encourage defendant to plead guilty, and (9) ineffective assistance of counsel: failure to object to four-level sentencing enhancement.[22]

## II.  DISCUSSION

### A.  28 U.S.C. § 2255

#### 1.  Legal Standard

A federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or

---

[21]    R. Docs. 311 at 2, 315 at 6.

[22]    R. Doc. 311 at 2.

correct the sentence." 28 U.S.C. § 2255(a). Section 2255 identifies only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or federal laws, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum sentence, or (4) the sentence is "otherwise subject to collateral attack." *Id.*

When a petitioner files a section 2255 motion, the court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* The court may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules Governing Section 2255 Proceedings, Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. The court must hold an evidentiary hearing unless "the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637–38; *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a section 2255 proceeding). If the court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## 2. Analysis

Hudson asserts three bases for relief separate from his ineffective assistance of counsel claims. First, Hudson claims that the Court unlawfully increased his sentence by applying a

7

four-level enhancement after finding that more than 50 people were victims of his offenses.  Second, Hudson argues that the Court's decision to hold trial proceedings on Veterans Day violated his Sixth Amendment right to a public trial.  Third, Hudson argues that the criminal counts in the superseding indictment were multiplicitous, subjecting him to double jeopardy in violation of the Fifth Amendment.  The Court concludes that none of the foregoing arguments merits the post-conviction relief Hudson seeks.

Initially, Hudson's argument that the Court unlawfully applied a four-level sentence enhancement is procedurally barred.  "If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (internal citations omitted); *see also United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("We may not consider an issue disposed of in [a] previous appeal at the § 2255 stage.").  Hudson argued in his appeal to the Fifth Circuit that the Court erred by determining that his conviction offenses involved more than 50 victims and warranted a four-level sentence enhancement.  In rejecting Hudson's arguments, the Fifth Circuit explained, "Hudson's arguments that his sentence is unduly harsh amount to no more than a disagreement with the district court's weighing of the pertinent sentencing factors and the propriety of the sentence imposed." *Hudson*, 550 F. App'x at 211.  Having been

raised by Hudson and considered and disposed of by the Fifth Circuit, this claim is procedurally barred.

Hudson also argued the unconstitutionality of holding trial on a legal holiday and being subjected to multiplicitous sentences in his direct appeal. The Fifth Circuit, however, declined to consider either argument on procedural grounds: Hudson did not object to holding trial on Veterans Day at the time the Court decided to proceed, and Hudson raised the multiplicity/double jeopardy argument for the first time in his reply brief. *Id.* at 210.

Failing to object when a substantive right could have been protected or failing to properly present an issue to the appeals court constitutes "procedural default." *St. John v. Estelle*, 544 F.2d 894, 895 (5th Cir. 1977) (quoting *Estelle v. Williams*, 425 U.S. 501, 513 (1976)(Powell, J., concurring)); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2011). A procedural default will be excused only upon a showing of cause and prejudice. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 88 (1977)). A defendant must show (1) cause excusing his procedural default and (2) "actual prejudice resulting from the errors of which she or he complains." *Willis*, 273 F.3d at 595 (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). To prove "actual prejudice," the petitioner must "shoulder the burden of showing, not merely the errors at his trial created a

9

possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions[.]" *United States v. Shaid*, 916 F.2d 228, 236 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170).

The Court finds that Hudson has not suffered the requisite actual prejudice to excuse his procedural defaults and justify his requested relief.  Hudson asserts that a criminal conviction returned on a holiday like Veterans Day is a "legal nullity . . . prohibited by Common Law" with no supporting citation.  Hudson also argues that the Court was required to notify the media and the general public that a trial took place.  Yet the majority of Hudson's trial was held on regular business days.  Friday's "trial" proceedings consisted of only closing arguments and jury deliberations.  It is not unconstitutional for a jury to deliberate outside of regular business hours.  *See Stone v. United States*, 167 U.S. 178, 195-96 ("[T]he general verdict was not a nullity by reason of its being received or recorded on Sunday."); *Williams v. Nat'l Sur. Corp.*, 257 F.2d 771, 777-78 (5th Cir. 1958) (approving trial proceedings that took place during the weekend).  That the jury returned its guilty verdict on a legal holiday did not "infect[] his *entire trial* with error of constitutional dimensions." *See Shaid*, 916 F.2d at 236 (emphasis added).  Hudson has failed to demonstrate that it is at all likely that the verdict

would have been different if the Court had postponed the jury's deliberations.

Hudson's multiplicity claim is likewise without merit. Hudson argues that he was "punished for the same exact acts, under different crimes."[23]  A multiplicity challenge invokes the Double Jeopardy Clause of the Fifth Amendment. U.S. Const. amend. V; *United States v. Ogba*, 526 F.3d 214, 232 (5th Cir. 2008).  The Double Jeopardy Clause "protects against multiple punishments for the same offense where Congress has not authorized cumulative punishment[.]" *Ogba*, 526 F.3d at 232-33 (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)).  "When a single act provides the basis for conviction under different criminal laws . . . to determine whether there are two offenses or only one, [the court must ask] whether each provision requires proof of a fact which the other does not." *United States v. Henderson*, 19 F.3d 917 (5th Cir. 1994)(quoting *United States v. Galvan*, 949 F.2d 777, 781-82 (5th Cir. 1991)).

Hudson was charged with and convicted of one count of conspiracy to commit access device fraud and bank fraud in violation of 18 U.S.C. § 371, three counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2), and six counts of bank fraud in violation of 18. U.S.C. § 1344.[24]  He argues that he was

---

[23]    R. Docs. 318 at 5.

[24]    R. Doc. 212.

subject to multiplicitous sentences because his conduct that violated federal conspiracy laws also violated federal access device fraud or bank fraud laws.  But the elements of criminal conspiracy and access device fraud are not factually identical; nor are the elements of criminal conspiracy and bank fraud. Significantly, the conspiracy charge required the Government to prove beyond a reasonable doubt that Hudson conspired with at least one other person to commit either access device fraud or bank fraud. *See* 18 U.S. § 371.  Therefore, the Court did not err in sentencing Hudson on each count.  Because the Court did not err, Hudson cannot prove he suffered actual prejudice.

**B.    Ineffective Assistance of Counsel**

**1.    Legal Standard**

To prevail on a claim of constitutionally ineffective assistance of counsel, petitioner must prove both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant's rights were prejudiced as a result of that substandard performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984).  Petitioner must meet both prongs of the *Strickland* test; if the court finds that petitioner has made an insufficient showing as to either prong, the court may dismiss the claim without addressing the other prong. *See id.* at 697.

Under the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

Under the second prong of the *Strickland* test, to demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.*

### 2. Analysis

Hudson asserts a number of grounds for his ineffective assistance of counsel claim. Hudson's failure to raise this claim on direct appeal from his conviction does not bar him from asserting he received ineffective assistance of counsel at trial in his section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

To summarize, Hudson had four attorneys; he claims three of them were constitutionally ineffective: Robert Jenkins, Louis Scott, and Warren Montgomery. Hudson first argues that he specifically asked Louis Scott to present voice identification evidence to counter the Government's wiretap and other recorded evidence of Hudson's voice; Scott allegedly ignored Hudson without explanation.[25] Hudson also argues that Scott ignored his requests for an objection to holding trial on Veterans Day. In an attached "Declaration/Affidavit," Hudson swears that Scott represented that he did object, and the Court overruled his objection.[26] Because there is no objection noted in the record, Hudson now suggests that his attorney lied.[27] In addition, Hudson alleges Scott ignored his requests that Scott move to dismiss the criminal charges against Hudson on two grounds: first, for violating the rule on multiplicity/double jeopardy, and second, because the statute of limitations had run.[28] Yet, Scott did file a motion to dismiss the indictment based on the statute of limitations, and the Court denied it.[29] Hudson also argues that Robert Jenkins ignored his requests for a motion to dismiss based on the statute of

---

[25]   R. Doc. 311-1 at 7.

[26]   *Id.* at 17.

[27]   *Id.* at 8.

[28]   *Id.* at 9-10.

[29]   R. Docs. 134, 182.

limitations.[30]   And finally, Hudson asserts that Scott failed to advise him on "the benefits of pleading guilty."[31]  Upset that the Court had not ruled on his proposed alibi jury instruction at the time trial began, Hudson represents that he "probably would have pleaded to get the case over with."[32]   Regarding Montgomery's service as counsel during his sentencing, Hudson argues that Montgomery ignored repeated requests for an objection to the four-level enhancement both before and during the sentencing hearing.[33] Hudson himself objected to the sentence enhancement, and the Court overruled his objection.[34]

The Court finds that Hudson has not demonstrated prejudice, as required by the *Strickland* test, to warrant relief on any of his allegations.  For the sake of clarity, the Court addresses Hudson's arguments out of order.

Because there was overwhelming evidence linking Hudson to the crimes charged, Hudson suffered no prejudice from Louis Scott's alleged failure to present voice identification evidence.  Numerous witnesses, including his co-conspirators, testified against Hudson, and several witnesses identified Hudson as the voice on the

---

[30]   R. Doc. 311-1 at 10.

[31]   *Id.* at 11-12.

[32]   R. Doc. 318 at 8.

[33]   R. Doc. 311-1 at 13.

[34]   R. Doc. 246 at 1.

Government's telephonic recordings.   Significantly, Hudson also testified in his own defense, which gave the jury an opportunity to hear his voice outside of the recordings.   Even if Scott had enlisted a voice identification expert's help, the impact of that evidence is questionable.   As the Fifth Circuit has explained, "given the uncertainty of . . . the law regarding the reliability and admissibility of expert voice identification evidence and the vulnerability of such expert testimony . . . we simply cannot say that [an attorney's] decision to attack the government's case rather than to rely on expert voice identification testimony[] was unreasonable." *United States v. Drones*, 218 F.3d 496, 504 (5th Cir. 2000).   With abundant additional evidence supporting his conviction, Hudson has failed to demonstrate that a voice identification expert's favorable testimony would have changed the outcome of his trial.   *See id.* ("While the government tapes were clearly important to proving the overall conspiracy, this is not a case where a determination of guilt rested entirely on this evidence. . . . [T]here was additional significant circumstantial evidence in the record to support the jury's convictions.").

In light of the Court's previous discussion about the merits of Hudson's separate holiday trial and multiplicitous sentencing/double jeopardy claims and the Fifth Circuit's holding on Hudson's sentence enhancement,[35] it is clear Hudson cannot

---

[35]   *See supra* Part III.A.

succeed on his ineffective assistance of counsel claim on these bases either. Assuming *arguendo* that Scott's failure either to object to the Veterans Day proceedings or to move to dismiss the indictment for multiplicity[36] indicates his performance was constitutionally substandard, Hudson cannot prove that his rights were prejudiced as a result. *See Strickland*, 466 U.S. at 697 (requiring proof of both the performance and prejudice components). Hudson does not demonstrate with any reasonable probability that had his attorney made these arguments, the Court would have sustained them and the outcome of his trial would have been different. *See id.* at 694. Similarly, the Fifth Circuit's recognition that this Court did not err in determining an appropriate sentence for Hudson's convictions forecloses any argument that Montgomery rendered ineffective assistance by not objecting to the four-level enhancement. *See Hudson*, 550 F. App'x at 211 ("Hudson's arguments . . . amount to no more than a disagreement with the district court's weighing of the pertinent sentencing factors and the propriety of the sentence imposed."). Considering that Hudson himself objected to the enhancement and the Court overruled his objection, Hudson has not shown that if Montgomery made the objection instead, the outcome of Hudson's

---

[36]     Because Scott did in fact move to dismiss Hudson's indictment on the statute of limitations defense despite Hudson's contrary assertions, the Court does not consider this argument as a proper ground for an ineffective assistance of counsel claim.

sentencing would have been different. *See Strickland*, 466 U.S. at 694; *see also Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (holding that failure to make a frivolous objection does not constitute ineffective assistance).

Nor can Hudson prove prejudice resulting from Robert Jenkins's alleged failure to move to dismiss the indictment on the statute of limitations defense.   Hudson filed three separate motions to dismiss asserting the statute of limitations defense, and the Court denied the motion each time.   The Court found Hudson's express waiver of the statute of limitations defense to be knowing, voluntary, and intelligent, and the Court rejected Hudson's arguments beyond validity as implausible.   Indeed, there is no reasonable probability that if any of his attorneys had filed a fourth motion to dismiss, the outcome would have been different. *See id.; see also Green*, 160 F.3d at 1037 (holding that failure to make a frivolous objection does not constitute ineffective assistance).

Finally, Hudson's arguments that his attorney's failure to encourage him to plead guilty was ineffective assistance of counsel must also fail.   Hudson is required to show that "there was a reasonable probability that[] he would have pleaded guilty had he known the penalty he faced; and a guilty plea would have reduced his sentence." *United States v. Moore*, 416 F. App'x 454, 461 (5th Cir. 2011) (citing *United States v. Grammas*, 376 F.3d 433, 436 (5th

Cir. 2004). Importantly, Hudson cannot overcome the first hurdle because no plea bargain was made available to him. "[A] defendant has no right to be offered a plea," nor a right to have the court accept it. *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Thus, Hudson's bare assertion that he "probably would have pleaded" is insufficient to prove he suffered any prejudice under *Strickland*. 466 U.S. at 693-94; *see United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[Courts] construe pro se § 2255 petitions liberally. . . . however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").

As stated above, an evidentiary hearing is not required under section 2255 when a prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *Edwards*, 42 F.3d at 264. Hudson has provided nothing that might be considered an independent basis to suggest that his contentions are meritorious. In sum, it plainly appears from the motion and the record of the prior proceeding that Hudson is not entitled to relief on any of his claims.

## C. Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255

Proceedings, Rule 11(a).   A court may issue a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme court requires the petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).   If the district court denied the petitioner's claims on procedural grounds, the petitioner must show that "jurists of reason" could debate whether (1) "the district court was correct in its procedural ruling[,]" and (2) "the petition states a valid claim of the denial of a constitutional right[.]" *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Hudson's motion does not satisfy these standards.   Hudson has not provided any legitimate arguments that the Court erred in a way that rendered his trial constitutionally suspect.   Nor has Hudson identified any plausible grounds for his ineffective assistance of counsel claim.   Reasonable jurists would not find his arguments to be fertile grounds for debate.

20

**IV.  CONCLUSION**

For the foregoing reasons, Hudson's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED.  Additionally, Hudson's request for counsel is DENIED AS MOOT.  The Court will not issue a certificate of appealability.


New Orleans, Louisiana, this __30th__ day of June, 2015.


_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

21