UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 09-0171

JAMAL DERRICK HUDSON                         SECTION: R

## ORDER AND REASONS

Defendant Jamal Derrick Hudson moves the Court to permit him to appeal *in forma pauperis*.[1]  Because Hudson's legal arguments lack good faith, the Court denies the motion.

## I.   BACKGROUND

Hudson is currently incarcerated at Three Rivers Correctional Institution in Three Rivers, Texas, following his conviction for access device fraud, bank fraud, and conspiracy to commit access device fraud and bank fraud under federal law.[2]  On December 15, 2014, Hudson moved to vacate his conviction and his sentence under 28 U.S.C. § 2255.[3]  Hudson asserted nine grounds for relief, including that the Court erred in allowing the jury to deliberate and deliver a verdict on Veterans Day, and that his counsel rendered ineffective assistance by failing to object to trial on a

---

[1]    R. Doc. 323.

[2]    *See id.* at 5; R. Doc. 212.

[3]    R. Doc. 311.

legal holiday.[4]  The Court denied Hudson's 2255 motion on June 30, 2015.[5]  Additionally, the Court denied Hudson a certificate of appealability, concluding, "Hudson has not provided any legitimate arguments that the Court erred in a way that rendered his trial constitutionally suspect . . . .  Reasonable jurists would not find his arguments to be fertile grounds for debate."[6]

Hudson now moves the Court to permit him to proceed *in forma pauperis* on appeal.  Hudson wishes to appeal only two issues to the Fifth Circuit: first, the legal propriety of this Court's decision to allow the jury to deliberate and return a verdict on a legal holiday; and second, whether Hudson's trial counsel rendered ineffective assistance by failing to object to the Court's decision to do so.[7]  Hudson indicates that he currently earns $12 per month working in the prison kitchen, and owns a vehicle worth approximately $1500.  He also receives $131 per month in veteran disability compensation, but this amount is paid directly to his spouse to support Hudson's three children.[8]

---

[4]     R. Doc. 311 at 5.

[5]     R. Doc. 321.

[6]     *Id.* at 20.

[7]     R. Doc. 323 at 1.

[8]     *Id.* at 5-6.

## II.  LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements.  First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1). The district court must determine whether the costs of appeal would cause an undue financial hardship.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998).  Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress.").  Third, the claimant's appeal must be "taken in good faith."  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012).  "A complaint is frivolous if it lacks an arguable basis either in law or in fact."  *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

**III. DISCUSSION**

Though Hudson sufficiently indicates his inability to pay legal fees and states the issues he intends to present on appeal, the Court nonetheless concludes that Hudson's motion to proceed *in forma pauperis* is without merit.  The Court denies the motion for lack of good faith.

As the Court previously explained, assuming either that the Court or Hudson's counsel erred during his trial, Hudson cannot prove the requisite prejudice to warrant the relief he seeks.  To briefly reiterate the overwhelming evidence linking Hudson to the crimes charged, numerous witnesses--including co-conspirators--testified against Hudson.  The Government introduced recorded evidence of telephone conversations between Hudson and others. Hudson himself testified, which gave the jury an opportunity to hear his voice and compare it to the Government's recordings.  The entirety of the trial proceedings during which this evidence was presented were held during the work week.  That the jury returned its guilty verdict on a legal holiday did not "infect[] his *entire trial* with error of constitutional dimensions."  *See United States v. Shaid*, 937 F.2d 228, 236 (5th Cir. 1991) (emphasis added).

Accordingly, Hudson has failed to demonstrate that it is at all likely that the outcome of his trial would have been different. Without evidence that his "legal points [are] arguable on their merits (and therefore not frivolous)," the Court must deny his

motion to proceed *in forma pauperis* for lack of good faith.   *See*

*Arroyo-Jurado*, 477 F. App'x at 151.


## IV.   CONCLUSION

For the foregoing reasons, Hudson's motion to proceed *in*

*forma pauperis* is DENIED.


New Orleans, Louisiana, this __16th__ day of July, 2015.


<span style="display:block"> </span>

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE